# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR369 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MILTON HERNANDEZ, | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 110). The Defendant has attached affidavits to his motion. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

After a jury trial, the Defendant, Milton Hernandez, was convicted of the following Counts of the Indictment charging him with: conspiracy to distribute or possess with intent to distribute methamphetamine (Count I); conspiracy to distribute or possess with intent to distribute cocaine base (Count II); distribution of methamphetamine (Counts III and IV); distribution of cocaine base (Counts V, VI, and VII). Hernandez was sentenced to 151 months imprisonment on grouped Counts I, II, V, VI, and VII and a concurrent term of 151 months imprisonment on grouped Counts III and IV. The Eighth Circuit Court of Appeals

affirmed Hernandez's conviction and sentence and denied his petition for rehearing. The Supreme Court denied Hernandez's petition for certiorari. Hernandez timely filed his § 2255 motion.

In his § 2255 motion, Hernandez alleges that his attorney was ineffective in failing to take the following action at the trial stage and to raise these issues on appeal:

- object to the government's repeated references at trial of his alleged membership in the MS-13 gang;
- request a jury instruction cautioning the jury against considering gang affiliation;
- file a motion to suppress and object to evidence acquired through video surveillance;
- allow Hernandez to testify at trial;
- have Hernandez's wife testify at trial;
- object to electronic recordings;
- challenge a defense witness's deportation;
- conduct a "meaningful" pretrial investigation; and
- raise an entrapment defense.

In order to establish ineffective assistance of counsel, Hernandez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and

made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

***Entrapment Defense***

Hernandez argues that because the government used Jorge Palacios to make controlled buys from him that he was entrapped by the government. Hernandez's argument fails, however, because the trial testimony shows that he cannot prove he had no predisposition to sell methamphetamine or crack cocaine. He can only show that the government offered him additional opportunities to sell illegal controlled substances. *United States v. Martin,* 583 F.3d 1068, 1074 (8th Cir. 2009) (defendant was not entrapped where he had sold drugs before selling them to the government's confidential informant), *cert. denied,* 130 S. Ct. 2355 (2010). Therefore, the evidence clearly shows that Hernandez cannot meet either prong of the *Strickland* test, and this claim is denied.

***Remaining Claims***

I will order the United States to respond by answer to the remaining claims. In addition to any other matters discussed in the Answer, the United States should address whether any of the defendant's § 2255 claims are barred, for example by procedural default, waiver, and/or untimeliness.

IT IS ORDERED:

1. The court has completed initial review of the Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 110);

2. Upon initial review, the court finds that summary dismissal of the Defendant's § 2255 motion is not required;

3. On or before October 29, 2010, the United States shall answer the specified claims of the Defendant's § 2255 motion, supported by a brief; and

4. On or before November 29, 2010, the Defendant may file a reply brief.

DATED this 29th day of September, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge