# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR369 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MILTON HERNANDEZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 110) filed by the defendant, Milton Hernandez. The government filed an Answer, a supporting brief and evidence in the form of an Affidavit of defense counsel, Jeffrey L. Thomas. (Filing Nos. 112, 113, 114.) Hernandez filed a reply brief (Filing No. 115).

On initial review, the Court summarily dismissed the claim alleging that his attorney was ineffective for failing to raise an entrapment defense. The Court ordered the government to answer the eight remaining alleged grounds for ineffective assistance of counsel.

## FACTUAL BACKGROUND

On June 26, 2008, a jury found Hernandez guilty of the following Counts of the Indictment: Count I (conspiracy to distribute or possess with intent to distribute at least 50 but less than 500 grams of a methamphetamine mixture); Count II (conspiracy to distribute or possess with intent to distribute 50 grams or more of a cocaine base mixture); Counts III and IV (distributing 50 grams or more of a methamphetamine mixture); and Counts V, VI, and VII (distributing 50 grams or more of a cocaine base mixture).

On October 6, 2008, Hernandez was sentenced to two concurrent sentences of 151 months imprisonment and 5 years supervised release. The Judgment and sentence were affirmed on direct appeal. The Supreme Court denied a petition for a writ of certiorari. This § 2255 motion followed.

**DISCUSSION**

In his remaining claims, Hernandez alleges that his attorney was ineffective in failing to take the following action at the trial stage and to raise these issues on appeal:

- object to the government's repeated references at trial of his alleged membership in the MS-13 gang;
- request a jury instruction cautioning the jury against considering gang affiliation;
- file a motion to suppress and object to evidence acquired through video surveillance;
- allow Hernandez to testify at trial;
- have Hernandez's wife testify at trial;
- object to electronic recordings;
- challenge a defense witness's deportation; and
- conduct a "meaningful" pretrial investigation.

All issues raised are matters of trial strategy. In order to establish ineffective assistance of counsel, Hernandez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to

2

function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. In a case regarding trial strategy, a defendant must show a reasonable probability that the outcome would have been different absent counsel's alleged ineffective representation. *Theus v. United States,* 611 F.3d 441, 447 (8th Cir. 2010).

In the government's answer, the Assistant United States Attorney defers to the facts and statements set out thoroughly in defense counsel's affidavit. A recitation of the defense strategy summarized in the six-page affidavit of Jeffery L. Thomas would serve no useful purpose. Mr. Thomas has thoroughly outlined his reasons for not pursuing the relevant matters as Hernandez alleges he should have done, and Mr. Thomas provided case law as necessary to support his statements.[1] After carefully considering Mr. Thomas's detailed affidavit and Hernandez's reply brief, the Court concludes that Hernandez cannot prove either prong of the *Strickland* test as the test applies to matters involving trial strategy.

## CONCLUSION

Therefore, the claim alleging ineffective assistance of counsel for failing to raise an entrapment defense is summarily denied, and the rest of the ineffective assistance of counsel claims are denied on their merits.

---

[1] Neither Mr. Thomas nor the government specifically responded to the allegation that Mr. Thomas was ineffective for not challenging the immigration status of witness Jorge Palacios during cross examination. However, upon further review of the trial transcript the Court notes that the government's witness, F.B.I. Special Agent Gregory Beninato, had already testified on direct examination with respect to Palacios's immigration status. (Filing No. 20:17-22:12.) Moreover, Palacios's immigration status was addressed in government's Exhibit 16. Therefore, this information was before the jury and any elicitation of this information from Palacios would have been cumulative.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 110) is denied as follows:

   a. the claim alleging ineffective assistance of counsel for failing to raise an entrapment defense is summarily denied;

   b. the remaining claims alleging ineffective assistance of counsel denied on the merits;

2. A separate Judgment will be issued;

3. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 28th day of December, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge